## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

IN THE MATTER OF THE      )
TAX INDEBTEDNESS OF      )
Thomas Shaughnessy      ) MISC. NO. [             ]
380 Lafayette Rd, Unit 11, PMB 209  )
Seabrook, NH 03874      ) *EX PARTE*
                              )

### DECLARATION OF IRS REVENUE OFFICER JENNIFER GREEN

I, Jennifer Green, pursuant tpo 28 U.S.C. § 1746, declare as follows:

1.      I am employed as a Revenue Officer in the compliance area of the Small Business/Self-Employed Division of the Internal Revenue Service, at Portsmouth, NH and have worked in this office for 17 years. As a Revenue Officer, I have the duty and authority to collect federal taxes by seizure and sale under the provisions of Section 6331 of the Internal Revenue Code (26 U.S.C., or "IRC").

2.      As part of my regular duties, I am asked by the Internal Revenue Service or the Department of Justice to provide support and information through access and review of IRS records as they relate to specific taxpayers, and to make statements in court or offer testimony based my review of those records. The IRS records I review are created at or near the time of the act(s) or event(s). It is the regular practice of the IRS to create and preserve such records. In this case, I have been requested by the Department of Justice and the Internal Revenue Service to provide information for the outstanding income tax liabilities of Thomas M. Shaughnessy for the income tax period ending December 31, 2014, in support of an IRS application for entry onto real property owned by Mr. Shaughnessy in furtherance of a levy and seizure of property he owns either directly or indirectly through wholly owned entities. I have reviewed the records of the IRS as they relate to Thomas M. Shaughnessy, and the following statements are based on my

- 2 -

review of those records.

3.    Among the records I have reviewed are those in the IRS Integrated Data Retrieval System (IDRS) computer database, which stores and tracks taxpayer account information. Information from a taxpayer's income tax return is entered into the IDRS at the IRS Service Center where the return is filed or when a assessment is made. Subsequently, additional entries are made when payments are made, or other specified events occur (such as the mailing of notices to a taxpayer). Information relevant to that taxpayer is also saved in a paper administrative record, and can also be stored electronically. Among other information, IDRS generates various reports based on the data, including "INTST Reports," which provide the balance owing for a particular taxpayer for a particular tax period as of a particular date. The IRS Automated Management Services (AMS) is a program that is attached to IDRS and completes the calculations. AMS contains a payoff calculator function, which will calculate a payoff for any set of liabilities to any date, using the INTST reporting function. The AMS payoff figures are generated by inputting the requested date into AMS, and then IDRS calculates the balances due and displays them in an INTST Report that is returned through the AMS program.

4.    An assessment of tax, additions to tax, and interest for the 2014 taxable year was made against Thomas M. Shaughnessy on May 27, 2019. According to the INTST report I have reviewed that relates to Thomas M. Shaughnessy, there is now due, owing and unpaid with respect to such tax, additions to tax and interest a total amount of $1,625,676.37, plus statutory additions as of December 15, 2025.

5.    The assessment set forth above was made pursuant to IRC Sections 6201 and 6203; pursuant to IRC Section 6303, the first notice and demand for payment was given to the Thomas M. Shaughnessy prior to or on the date that is 60 days after the date upon which each

amount was assessed, as set forth above.

6.      Thomas M. Shaughnessy has neglected or refused to pay the full amount of the tax assessed within 10 days after such notice and demand and this neglect or refusal continues.

7.      By reason of the assessment and demand, a lien has arisen on all property and rights to property of Thomas M. Shaughnessy as prescribed by IRC Sections 6321 and 6322.

8.      By reason of Thomas M. Shaughnessy's neglect and failure to pay such tax, penalty and interest within 10 days after notice and demand, a levy may be made on all property and rights to property belonging to the taxpayers or to which the federal tax lien attaches.

9.      After review of the pertinent IRS records, a notice of intention to levy, as required by IRC Section 6331(d), was provided to Thomas M. Shaughnessy by mail on November 8, 2019.

10.     A notice of filing a notice of federal tax lien ("NFTL") of the Internal Revenue Service was mailed to Thomas M. Shaughnessy on December 3, 2019. At the same time, the letter notified Thomas M. Shaughnessly of his rights to request a collection due process hearing ("CDP") under the provisions of 26 U.S.C. §§ 6320 and 6330.

11.     No CDP hearing was timely requested concerning the notice of intent to levy or the notice of the filing of the notice of federal tax lien.

12.     Thomas M. Shaughnessy is a long established figure in the automotive industry who buys and sells high-value classic sports cars, particularly Ferraris. Thomas M. Shaughnessy has been uncooperative during the IRS's attempts to collect the tax due by shielding assets, moving funds, and using alter ego corporations to shield assets.

13.     His newest business, Shamrock Aviation LLC, with Employer Indentification Number ("EIN") XX-XXX5808 was established June 2021. Shamrock Aviation, with EIN XX-

- 4 -

XXX3847 was established one month later in July, 2021. Lastly Shamrock Aviation Properties LLC with EIN XX-XXX2130s was established in March 2022.

14.     Of the three, only Shamrock Aviation, EIN XX-XXX3847 has filed any income tax form with the IRS.

15.     Through the various records pertaining to Mr. Shaughnessy and the aforementioned entities, it appears that Mr. Shaughnessy owns a private airport known either as Seacoast Airfield, or Littlebrook Airpark, located at 107 Littlebrook Lane, Eliot, ME 03903. The airport business appears personal in nature and assets contained on site are individually owned or owned by of one of his above-listed businesses. All planes have been titled to his name or that of the forementioned businesses and listed with the FAA.

16.     The business address used on the filings for the entities is the same P.O. Box that Thomas M. Shaughnessy uses personally.

17.     Shamrock Aviation's partnership income tax returns (Forms 1065) included two Forms K-1 ("Partner's Share of Income, Deductions, Credits, etc.") for the years 2021, 2022, and 2023. The reported individuals indicated on the Forms K-1 were Thomas M. Shaughnessy, and an individual listed as "Brother Shaughnessy" with an SSN listed of 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. This SSN does not exist and the IRS has no record of any individual by that name.

18.     The airport property is comprised of several parcels that were conveyed to Shamrock Aviation LLC in a series of warranty deeds executed in July and August 2021. The first deed for the airport property is found in book/page 18756/434 in the York County Register of Deeds; the deed was granted by Jean M. Hardy to Shamrock Aviation LLC.  The second deed for the airport property is found in book/page 18773/543 in the York County Register of Deeds; the deed was granted by Sweat Peas LLC (Jean M. Hardy signed as the managing member) to

- 5 -

Shamrock Aviation LLC. A subsequent corrective deed was executed and recorded in

September and October 2021 book/page 18846/450 in the York County Register of Deeds to

clarify easement rights between Jeam M. Hardy and Shamrock Aviation LLC with respect to one

of the airport conveyance deeds signed by Jean M. Hardy individually. The deed correction is

consented to by Thomas M. Shaughnessy signing as "Manager" of Shamrock Aviation LLC. A

subsequent easement granted by Samrock Aviation LLC to Central Maine Power Company at

the airport property is found at book/page 19026/243 of the York County Registrar of Deeds.

This easement grant is signed by Thomas M. Shaughnessy as "President" of Shamrock Aviation

LLC . An interview conducted with a community member with knowledge of the airport in

response to an IRS third party summons for testimony verified Mr. Shaughnessy as purchaser of

the property through ther LLC. The third party also verified the planes both he and the LLC

owns being contained within the airport hangars.

19.     The IRS filed Notices of Federal Tax Lien naming Shamrock Aviation LLC,

Shamrock Aviation, and Shamrock Aviation Properties, LLC, as the alter egos of Thomas M.

Shaughnessy.

20.     The IRS sent Letter Notices of the filing of these alter ego NFTLs to each of the

entities stating that they could file what is know as a "CAP" appeal with the IRS. CAP stands

for Collection Appeals Program, which is a non-statutory opportunity accorded to appeal the

filing of an NFTL under the Internal Revenue Manual.

21.     Thomas M. Shaughnessy sent in a request for a CDP hearing dated August 28,

2025, in response to alter ego NFTLs filed against the entities Shamrock Aviation LLC,

Shamrock Aviation, and Shamrock Aviation Properties LLC.

22.     This CDP request was untimely as it was not made within thirty days of the

receipt of the original CDP notice of the NFTL filing sent to Thomas M. Shaghnessy on December 3, 2019.

23.     A CDP hearing cannot be requested by an alleged alter ego entity; only a non-statutory CAP appeals hearing can be requested, and neither the taxpayer nor the entities made such a request.

24.     Based on a site view, Littlebrook Airpark contains 10 hangars which are locked with a simple key in the door. There are additional locks inside the hangars that are only accessible from inside. According to third party witness, there was a combination lock on the T Hangar at the time it was sold to Mr. Shaughnessy. No fuel trucks or other buildings are on property. Littlebrook is a non-tower airport. Of the 10 hangars and T hangar – two of the buildings hold third party assets (hangar 2 and hangar 7). The property belonging to third parties will not be seized.

25.     The plane logbooks located at Littlebrook Airpark are vital to seizing and selling the planes that Mr. Shaughnessy stores there. These logbooks should be kept in the T-Hangar Office or with the planes in the hangars themselves according to an expert witness. All planes being seized have been logged with the Maine county address that airport is located at.

26.     Here is a list of the planes or vehicles that may be on the property with their registration numbers:

Boeing 54601-stearman N54601,

Cessna 305A N5293G,

Piper J4A N23109,

North American SNJ-5 N3197G,

Mullins Murphy Moose N161FM,

- 7 -

1941 Boeing A75N N469RH,

2011 Supercub EX N718D,

Piper PA-28 N722FL,

Piper PA-18-105 N66 GJ,

Silvaire Luscombe N1289B,

Piper PA-31T1 N601AJ,

1985 MG 6R4 Coupe VIN SAXXRWNP7AD570181,

1978 FIAT Abarth Coupe VIN# 385549

1982 Lancia 037 Stradale VIN# ZLA151AR00000029,

1955 Kurt 500KK Convertible VIN# MKK5

Gulfstream Aero: Jet Plane N216QS,

27.     The Gulfstream Aero: Jet Plane N216QS will not be seized, as the value of the other planes and the automobiles are believed to be sufficient to satisfy the liabilities that the IRS is seeking to collect.

28.     Consent to enter the premises has not been requested  as it could put collection at risk by prompting the taxpayer to move the logbooks necessary for a successful administrative sale, or even to move some of the vehicles or planes located on site.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.  Executed at Portsmouth, NH, this 12th day of December 2025.

Jennifer S. Green
Digitally signed by Jennifer S. Green
Date: 2025.12.12 09:23:10 -05'00'

_____
Jennifer Green
Revenue Officer,
Internal Revenue Service